FILED &☒ RECEIVED ___mail

# UNITED STATES DISTRICT COURT
for the

_____ District of **IDAHO**

2018 DEC 12 PM 1:58

US COURTS
COEUR D'ALENE, ID

_____ Division

)  Case No. **CV 18-553 CCWD**
)  *(to be filled in by the Clerk's Office)*
)
)
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*
-v-

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

## COMPLAINT AND REQUEST FOR INJUNCTION

I. The Parties to This Complaint

A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name  **PRAVEEN KEVIN KHURANA**
Street Address  **858 MAIN STREET**
City and County  **LEWISTON, IDAHO**
State and Zip Code  **IDAHO, 83501**
Telephone Number  **208-798-0505**
E-mail Address  **myveteran35@gmail.com**

B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
   Name: STATE OF IDAHO
   Job or Title (if known): STATE GOVERNMENT
   Street Address: P.O. BOX 83720
   City and County: BOISE, ADA COUNTY
   State and Zip Code: IDAHO, 83720
   Telephone Number:
   E-mail Address (if known):

Defendant No. 2
   Name: ROBERT RINARD
   Job or Title (if known): MANAGER
   Street Address: P.O. BOX 83720
   City and County: BOISE, ADA COUNTY
   State and Zip Code: IDAHO, 83720
   Telephone Number:
   E-mail Address (if known):

Defendant No. 3
   Name: DAPHNE HUANG
   Job or Title (if known): ATTORNEY
   Street Address: P.O. BOX 83720
   City and County: BOISE, ADA COUNTY
   State and Zip Code: IDAHO, 83720
   Telephone Number:
   E-mail Address (if known):

Defendant No. 4
   Name: RENU VERMA
   Job or Title (if known):
   Street Address: 6335 - 13th AVENUE
   City and County: EDMONTON
   State and Zip Code: ALBERTA, T6L2E5, CANADA
   Telephone Number: 780-463-1195
   E-mail Address (if known):

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[X] Federal question          [X] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. 42 USC 1983; 42 USC 1985; 42 USC 1987; HAGUE CONVENTION, DUE PROCESS CLAUSE OF US CONSTITUTION

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* PRAVEEN KEVIN KHURANA, is a citizen of the State of *(name)* IDAHO AND UNITED STATES

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____
      and has its principal place of business in the State of *(name)* _____

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, *(name)* RENU VERMA, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* CANADA

  b.  If the defendant is a corporation

    The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____

    Or is incorporated under the laws of *(foreign nation)* _____,

    and has its principal place of business in *(name)* _____

  *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

 3. The Amount in Controversy

  The amount in controversy--the amount the plaintiff claims the defendant owes or the amount at stake--is more than $75,000, not counting interest and costs of court, because *(explain)*:

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

 A. Where did the events giving rise to your claim(s) occur?

  LEWISTON, IDAHO

 B. What date and approximate time did the events giving rise to your claim(s) occur?

  2014 UP UNTILL NOW

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

SEE ATTACHED

IV. **Irreparable Injury**

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

SEE ATTACHED

V. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

SEE ATTACHED

**VI.  Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.  For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: DECEMBER-10-2018

Signature of Plaintiff

Printed Name of Plaintiff  PRAVEEN KEVIN KHURANA

**B.  For Attorneys**

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

FILED ___ RECEIVED __mail__

PRAVEEN KHURANA

858 Main Street,

Lewiston, Idaho, 83501

(208) 798-0505 (Tel)

(208) 798-4804 (Fax)

2018 DEC 12 PM 1: 57

US COURTS
COEUR DALENE, ID

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| **PRAVEEN K. KHURANA** | ) | Case No |
| (Plaintiff) | ) | |
| Vs, | ) | **COMPLAINT AND REQUEST FOR INJUNCTION** |
| State of Idaho; Robert Rinard; | ) | |
| Daphne Huang; Douglas Fleenor | ) | |
| Renu Verma | ) | |
| (Defendants) | ) | ) |
| _____ | ) | |

COMES NOW the Plaintiff, PRAVEEN KHURANA, acting on his own behalf, moves the honorable court and for a cause of action and claim for relief against the above-named Defendant(s) complains and alleges as follows:

### I.

### PARTIES

1.1. Complainant, Praveen Khurana (Khurana) is and was, always relevant herein, a resident of the City of Lewiston, County of Nez Perce, State of Idaho. The Plaintiff is an American citizen of Indian decent, from India, and he is Plaintiff. Plaintiff was divorced in 2005 from Renu Verma herein after Verma is a Canadian Citizen and to the best of belief and

knowledge of the Plaintiff does not hold US citizenship nor has ever resided in the USA or its territories She was married to the Plaintiff. Divorced in 2005 and lives in Edmonton, Alberta, Canada.

1.2. Robert Rinard and Daphne Huang are employees of the State of Idaho in the Child Support Section.

## II

## STATEMENT OF FACT

2.1 Plaintiff incorporates each and every paragraph heretofore set forth and further alleges and complains as follows:

2.2 There were three children of Marriage, presently of ages 28, 24, and 18 The 28-year-old has completed medical school and is doing her residency in New York. The 24 year is a graduate of Law School and works in a Law firm in Canada. The residency of the 18-year-old is unknown. The age of majority in their country of residence is 16.

2.3 Plaintiff has Paid child support since 2000, when the elder child emancipated in 2010, the state of Idaho **Increased** the Plaintiff's child support obligation. Plaintiff currently pays $250.00 each for 2 children and $250.00 for expenses which is an arbitrary amount imposed the state of Idaho (State); Robert Rinard(Rinard) and Daphne Huang (Huang)

2.4 Plaintiff borrows money each month to pay for the current child support obligation of $684.40

2.5 Plaintiff has tried administratively with the state, Rinard and Huang and has been unable to come to a resolution to this issue

2.6 Plaintiff has tried to access the foreign court in Canada but has been denied access.

**COMPLAINT AND REQUEST FOR INJUNCTION**

2.7 Plaintiff is in failing health and cannot continue with the status quo, given that his children are already over 21 and do not live at home. The ex-wife of the Plaintiff is unjustly enriching herself and will continue to do so till the youngest child reaches age 22.

2.8 The Plaintiff has not entered Alberta to appear before a court. He is unable to get any hearings by phone or Video conference and could not appear from Idaho. The Canadian court has ordered that Plaintiff cannot represent himself, as Pro Se he must retain an attorney to represent him and further Plaintiff has to travel to Canada for any legal matter with the court (A distance of over 2000 km to and fro.) Plaintiff does not have any access to Legal aid and cannot afford to travel 1000 km each way he is a working man. The Judge in Canada has met the other party socially for Lunch and refuses to declare a conflict of interest, despite repeated request. Plaintiff has no hope for a fair hearing or even to get a hearing in the first place in Canada. This violates Plaintiff's rights under the Idaho and US constitutions. Plaintiff is being forced to pay child till the elder child turns 28 years old which is in violation of the Hague Convention. Uniform Interstate Family Support Act of 2008 (UIFSA 2008), which included a new Article 7, "Support Proceeding Under Convention."

2.9 Plaintiff has not received any notice of past hearings or been involved in fully in hearings.

## III

## STANDARD OF REVIEW

3.1. Plaintiff incorporates each and every paragraph heretofore set forth and further alleges and complains as follows:

3.2 President Obama Ratified the treaty on August 30, 2016. The document was deposited with the Ministry of Foreign Affairs of the Kingdom of the Netherlands on September 7, 2016, and it entered into force three months later on January 1, 2017.

**COMPLAINT AND REQUEST FOR INJUNCTION**

3.3     Section 706 of UIFSA 2008, "Registration of Convention Support Order," provides, in subsection (d) that –

3.4 A tribunal of this state may vacate the registration of a Convention support order without the filing of a contest under Section 707 only if, **acting on its own motion**, the tribunal finds that recognition and enforcement of the order would be manifestly incompatible with public policy. (Emphasis added.)

Subsection (e) states that –

a.) The tribunal shall promptly notify the parties of the registration or the order vacating the registration of a Convention support order.

b) The Official Comment to these subsections notes that –

i)Subsections (d) and (e) authorize action by a tribunal available under the Convention that may not be available under other state law. Subsection (d) permits the tribunal to vacate registration, acting on its own motion, under certain exceptional circumstances, and subsection (e) requires that notice be promptly provided of any such order vacating registration.

ii)In 2015 the American Bar Association's *Family Law Quarterly* republished the full text of UIFSA 2008, making slight revisions to the Official Comments of the ULC Reporter, and adding, regarding subsections (d) and (e) that –

iii)Such *ex officio* review, if used to refuse recognition of an order, is in tension with the core UIFSA policy of requiring recognition. In any event, the subsections are not a vehicle for a review of the merits of a decision.

**COMPLAINT AND REQUEST FOR INJUNCTION**
Page | 4

3.5 IDAHO STATE CONSTITUTION: Article I, Section 7. RIGHT TO TRIAL BY JURY. The right of trial by jury shall remain inviolate; but in civil actions, three-fourths of the jury may render a verdict..."

3.6 US CONSTITUTION DUE PROCESS CLAUSE: The Fifth and Fourteenth Amendments to the United States Constitution each contain a **due process clause**. Due process deals with the administration of justice and thus the due process clause acts as a safeguard from arbitrary denial of life, liberty, or property by the government outside the sanction of law.[1] The Supreme Court of the United States interprets the clauses more broadly, concluding that these clauses provide four protections: procedural due process (in civil and criminal proceedings), substantive due process, a prohibition against vague laws, and as the vehicle for the incorporation of the Bill of Rights.

3.7 Here, Defendants acting under the color of Law and color of office and with the full knowledge have continued to collect for years not the child support but a $250.00 for "expenses" that are not permissible under the Hague convention or any other treaty the USA has with Canada. The defendants(s) failed to provide any authority rule or case law. But using threat continued to extort money which they claimed was a part of their Job. It is believed and therefore alleged that the Defendant(s) are paid for their Jobs at the State of Idaho. The acts of the Defendants are self-serving. The charge each month continued.

3.8 In *Harris, v. Dept. of revenue o b o Insixiengmay*, 41 FLW D1109a (Fla. 2nd DCA) in case no. 2D14-4855 in an opinion filed on May 6, 2016, Administrative Law Judge found to have abused his discretion and denied father due process by limiting hearing to 45 minutes and refusing to grant a continuance.

**COMPLAINT AND REQUEST FOR INJUNCTION**
Page | 5

3.9 The rights of parents to the care, custody and nurture of their children is of such character that it cannot be denied without violating those fundamental principles of liberty and justice which lie at the base of all our civil and political institutions, and such right is a fundamental right protected by this amendment (First) and Amendments 5, 9, and 14. Doe v. Irwin, 441 F Supp 1247; U.S. D.C. of Michigan, (1985).

3.10. The several states has no greater power to restrain individual freedoms protected by the First Amendment than does the Congress of the United States. Wallace v. Jaffree, 105 S Ct 2479; 472 US 38, (1985). The First Amendment has been found to include the right to religion and to raise one's children as one sees fit.

3.11 Loss of First Amendment Freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. Though First Amendment rights are not absolute, they may be curtailed only by interests of vital importance, the burden of proving which rests on their government. Elrod v. Burns, 96 S Ct 2673; 427 US 347, (1976).

3.12 Law and court procedures that are "fair on their faces" but administered "with an evil eye or a heavy hand" was discriminatory and violates the equal protection clause of the Fourteenth Amendment. Yick Wo v. Hopkins, 118 US 356, (1886). Therefore, any denial of parental rights based only on sex is discriminatory.

3.13. Even when blood relationships are strained, parents retain vital interest in preventing irretrievable destruction of their family life; if anything, persons faced with

**COMPLAINT AND REQUEST FOR INJUNCTION**
Page | 6

forced dissolution of their parental rights have more critical need for procedural protections than do those resisting state interventions into ongoing family affairs. Santosky v. Kramer, 102 S Ct 1388; 455 US 745, (1982). Parental rights may not be terminated without "clear and convincing evidence. "SANTOSKY V. KRAMER, 102 S.Ct. 1388 [1982]

3.14. The Due Process Clause of the Fourteenth Amendment requires that severance in the parent-child relationship caused by the state occur only with rigorous protections for individual liberty interests at stake. Bell v. City of Milwaukee, 746 F 2d 1205; US Ct App 7th Cir WI, (1984). Hence any ex - parte hearing or lack of due process would not warrant termination of parental rights.

3.15. The Due Process Clause of the Fourteenth Amendment requires that severance in the parent-child relationship caused by the state occur only with rigorous protections for individual liberty interests at stake. Bell v. City of Milwaukee, 746 F 2d 1205; US Ct App 7th Cir WI, (1984). Hence any ex-parte hearing or lack of due process would not warrant termination of parental rights.

3.16. Judges must maintain a high standard of judicial performance with particular emphasis upon conducting litigation with scrupulous fairness and impartiality. 28 USCA § 2411; Pfizer v. Lord, 456 F 2d 532; cert denied 92 S Ct 2411; US Ct App MN, (1972).

3.17. Sate's power to legislate, adjudicate and administer all aspects of family law, including determinations of custodial; and visitation rights, is subject to scrutiny by

**COMPLAINT AND REQUEST FOR INJUNCTION**

federal judiciary within reach of due process and/or equal protection clauses of 14th Amendment. In U.S. Supreme Court case Marshall v. Marshall US (No. 04-1544) 392 F. 3d 1118,

3.18. Although court may acquire subject matter jurisdiction over children to modify custody through UCCJA, it must show independent personal jurisdiction [significant contacts] over out of state Father before it can order him to pay child support. KULKO V. SUPERIOR COURT, 436 US 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 [1978]; noted in 1979 Detroit Coll. L.Rev. 159, 65 Va. L.Rev. 175 [1979]; 1978 Wash. U.L.Q. 797. Kulko is based upon INTERNATIONAL SHOE V. WASHINGTON, 326 US 310, 66 S.Ct. 154, 90 L. Ed 95 [1945] and HANSON V. DENCKLA, 357 US 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 [1958]

3.19. Process service in family matters must provide due process protection. GRASZ V. GRASZ, 608 SW 2d 356 [TX 1980]

3.20. Pro Se [Without a Lawyer, representing self-] pleadings are to be considered without technicality; pro se litigant's pleadings are not to be held to the same high standards of perfection as lawyers. HAINES V. KERNER, 92 S.Ct. 594; JENKINS V. MCKEITHEN, 395 US 411, 421 [1969];PICKING V. PENNA. RWY. CO. 151 F.2d 240; PUCKETT V. COX, 456 F.2d 233

3.21. Federal judges can set aside or overturn state courts to preserve constitutional rights. MITCHUM V. FOSTER, 407 US 225 [1972] Title 28 US Code sec. 2284

**COMPLAINT AND REQUEST FOR INJUNCTION**
Page | 8

3.22. Each state maintains the right to regulate its citizens, including the regulation of family matters. However, an important caveat exists where all United States citizens' rights are protected under the United States Constitution. And pursuant to Article VI, also known as the supremacy clause, state judges must uphold federal law, which "shall be the supreme law of the land"

3.22 Moreover, in the absence of a federal level international agreement for child support enforcement, there may be a state level arrangement with a country. These state level arrangements were formerly authorized by the Uniform Reciprocal Enforcement of Support Act (URESA) and are now authorized pursuant to UIFSA. However, such state - level arrangements may not be as comprehensive as the federal - level agreements. Further, not all states have similar arrangements with all countries; most states have arrangements with only a few countries. (source: Congressional Research Service https://fas.org/sgp/crs/misc/R43779.pdf)

The Convention provides for access to cost - free services for US.

citizens needing assistance with child support enforcement in a contracting country. However, a few countries are required by their own internal procedures to assess fees for these CSE services. In such cases, the involved country must use a means test based on the income of the child, not the parents This will generally result in relatively minimal fees, compared to current practice where custodial parents must often retain local private counsel in order to establish or enforce a child support order. (. (NOTE: **The Canadian court has already ruled that Plaintiff's US Income Tax Returns are not recognized and the child's income is not discoverable**) Plaintiff has no Expectation of receiving legal services or access to courts in Canada.

## IV.
## Statement of Claim

**COMPLAINT AND REQUEST FOR INJUNCTION**
Page | 9

4.1. Plaintiff incorporates each and every paragraph heretofore set forth and further alleges and complains as follows:

4.2 To grant an Injunction in favor of the Plaintiff, Barring the collection of Child support for the 2 children and "Expenses" by the state, Rinard, Huang and Verma. In the alternate and as a second request for relief to grant an injunction in favor of the Plaintiff barring collection of child support for the child who is now 23 and working and the collection of expenses in the amount of $250.00/month.

### A.
### Where did the events giving rise to your claim(s) occur?
Lewiston, Idaho

### B.
### What date and approximate time did the events giving rise to your claim(s) occur?
2016 to now

### C.
### What are the facts underlying your claim(s)?

Rinard, Huang, Verma and the State using the leverage of threat and coercion of administrative action against the Plaintiff and with no regard for his rights. Forcibly deprived him of money each month without any supporting reason and with full knowledge that they are violating his constitutional rights.

### V.
### Irreparable Injury

5.1 Plaintiff incorporates each and every paragraph heretofore set forth and further alleges and complains as follows:

5.2 I have made payments to the State of Idaho for the past numerous years, while trying to get a hearing in the court In Canada. I have been unsuccessful in getting a

**COMPLAINT AND REQUEST FOR INJUNCTION**
P a g e | **10**

hearing because i) The Court in Canada tells me that they will not hear this matter unless I travel to Canada personally this is a considerable expense in the thousands of $'s that I cannot afford I am currently in Bankruptcy proceedings in Idaho under Chapter 7 claim 13-20058-TLM and my Income/Expense statement is available in the ECF system to review; ii) The Canadian court tells me that I cannot appear pro Se, I cannot afford a Lawyer in Canada as they charge $400.00/hr. and at least $15,000.00 as a down payment which I do not have to get legal as I am not a resident for Canada for the Past 22 years. The state acting through its employees Rinard, Huang tell me in writing that they will cancel my driving privileges if I do not pay the $500.00 plus the $250.00 in Expenses each month. They quote the Hague convention which I understand is only applicable for children under the age of 21 and does not allow the collection of expenses ($250.00 in my case) under the US Ratification of the Hague Convention. I work as the only cook and have a small restaurant serving Ethnic cuisine. If my driving permit is cancelled. I will not be able to go about my daily business of running the restaurant, such as Purchasing food ingredients (that I have to do on a daily basis) If I cannot do this daily not be able to operate my restaurant and it will close I will get a bad reputation in the community(Note: Reputation is everything for a restaurant) even if I open at a later date I will not be able to "buy back" my lost reputation at **any cost** (The customers that patronize other restaurants then will be unrecoverable, forever. This will adversely affect my livelihood and the value of my business will suffer irreparable harm forever. A potential buyer of my business will

**COMPLAINT AND REQUEST FOR INJUNCTION**
Page | 11

view it as distressed goods. I will receive lower consideration due a decreased value.

**It is critical that I keep operating my restaurant.**

Respectfully Submitted

Dated: __10__ of __DECEMBER__ 2018

_____
Praveen Khurana, pro Se